UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| WILLIAM HOOVER )<br>)<br>Plaintiff, )<br>)<br>-against- )<br>)<br>A&S COLLECTION ASSOCIATES, INC, )<br>ABC CORPORATIONS 1-10, and JOHN )<br>AND JANE DOES 1-10 )<br>)<br>Defendant. )<br>) | Case No.:_____<br><br>**CIVIL ACTION**<br><br><br>**COMPLAINT AND**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff, WILLIAM HOOVER, on behalf of himself (hereinafter "Plaintiff"), by and through his undersigned attorney, alleges against the Defendant, A&S COLLECTION ASSOCIATES, INC (hereinafter "Defendant") as follows:

**PRELIMINARY STATEMENT**

1. This is an action for damages arising from Defendants' violations of 15 U.S.C. § 1692 *et seq.*, the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices. Additionally, Defendant violated New Jersey Law in the form of Negligent Hiring/Retention, Negligent Entrustment and Negligent Supervision.

**JURSIDICTION AND VENUE**

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. §1692k (d) and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C.A. § 1367.

3. Venue is proper in this district under 28 U.S.C § 1391(b).

## PARTIES

4.      Plaintiff is a natural person, who at all relevant times has resided in the in the city of Bloomfield, Essex County, State of New Jersey, and is a "consumer" as defined by 15 U.S.C. § 1692a (3).

5.      Defendant is a corporation doing business in the State of Vermont, with its corporate mailing address as 2847 VT RT 14, Williamstown, VT 05679, and is a "debt collector" as defined by 15 U.S.C § 1692a(6).

## FACTUAL STATEMENT

6.      In May and June of 2013, a representative of Defendant, who identified herself as "Jenny," placed a total of three phone calls in connection with the collection of an alleged debt owed by Plaintiff.

7.      All three calls failed to advise that the call was from a debt collector.

8.      All three calls failed to disclose the name of the company the representative was calling from.

9.      Recordings of the three calls are attached hereto marked Exhibits A, B, C.

## COUNT I
## VIOLATION OF THE FAIR DEBT COLECTIONS PRACTICES ACT
## 15 U.S.C. § 1692e (11)

10.     Plaintiff repeats the allegations contained in paragraphs 1 through 9 and incorporates them as if set forth at length herein.

11.     On or about April 19, 2013, April 23, 2013 and May 9, 2013, Defendant Agent "Jenny" called Plaintiff in connection with the collection of an alleged debt due and owing.

12.     The three calls placed by Defendont Agent all went to Plaintiff's voicemail.

13. Defendant Agent "Jenny," left three separate messages on Plaintiff's voicemail that failed state that the call was from a debt collector.

14. The April 19, 2013 recording is annexed hereto marked "Exhibit A."

15. The April 23, 2013 recording is annexed hereto marked "Exhibit B."

16. The May 9, 2013 recording is annexed hereto marked "Exhibit C."

17. Defendant's failure to advise of the fact that the calls were from a debt collector violates 15 U.S.C. § 1692e (11).

18. As a direct result of Defendant's actions, Plaintiff has been damaged.

## COUNT II
## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692e (11)

19. Plaintiff repeats the allegations set forth in paragraphs 1 through 18 and incorporates same as if set forth at length herein.

20. On or about April 19, 2013, April 23, 2013 and May 9, 2013, Defendant Agent "Jenny" called Plaintiff in connection with the collection of an alleged debt due and owing.

21. The three calls placed by Defendant Agent all went to Plaintiff's voicemail.

22. Defendant Agent "Jenny," left three separate messages on Plaintiff's voicemail that failed to state the name of the company Defendant Agent was calling from. See Exhibits A, B and C.

23. Defendant Agent "Jenny's" failure to advise of the name of the company she was calling from violates 15 U.S.C. § 1692e (11).

## COUNT III
## NEGLIGENT HIRING/RETENTION

24. Plaintiff repeats the allegations contained on paragraphs 1 through 23 and incorporates same as if set forth at length herein

25. Defendant, during the course of business, must employ reasonable care to ensure that all instrumentalities, whether human or mechanical, are not likely to cause harm to third parties.

26. Defendant Agent Jenny placed three calls to Plaintiff on or about April 23, 2013, April 23, 2013 and May 9, 2013.

27. Defendant Agent Jenny failed to advise that the calls were being placed by a debt collector and that any information used would be in connection with the collection of a debt.  See Exhibits A, B and C.

28. Defendant Jenny failed to state this "mini miranda" warning on all three messages.

29. Defendant Agent Jenny failed to advise of the company that the call was being placed by.

30. Defendant Agent Jenny failed to advise of the company name on all three messages.

31. Defendant Agent Jenny is not qualified to perform the most basic of tasks as they relate to the FDCPA.

32. The actions of Defendant in their negligent hiring, and subsequent retention, of an employee who regularly makes contact with the public has caused direct harm Plaintiff.

## COUNT IV
## NEGLIGENT SUPERVISION

33. Plaintiff repeats the allegations contained on paragraphs 1 through 32 and incorporates same as if set forth at length herein.

34. Defendant Agent Jenny placed three calls to Plaintiff on or about April 23, 2013, April 23, 2013 and May 9, 2013.

35.     Defendant Agent Jenny failed to advise that the calls were being placed by a debt collector and that any information used would be in connection with the collection of a debt.  See Exhibits A, B and C.

36.     Defendant Jenny failed to state this "mini miranda" warning on all three messages.

37.     Defendant Agent Jenny failed to advise of the company that the call was being placed by on all three messages.  See Exhibits A, B and C.

38.     It is clear from the set of facts laid out that A&S has failed in its duty to properly manage, train and or supervise their employee debt collectors.

39.     As a proximate consequence and direct result of the actions of Defendant Agent Jenny, as delineated in the Statement of Facts, Count I and Count II, Defendants' actions constitute negligent supervision and training of its personnel hired for the purpose of collecting debts.

40.     As a direct result of the inaction, or inadequate action, of Defendant, Plaintiff has been damaged.

## COUNT V
## NEGLIGENT ENTRUSTMENT

41.     Plaintiff repeats the allegations contained in paragraphs 1 through 40 and incorporates same as if set forth at length herein.

42.     Defendant Agent Jenny placed three calls to Plaintiff on or about April 23, 2013, April 23, 2013 and May 9, 2013.

43.     Defendant Agent Jenny left voicemails on all three call which failed to provide the "mini miranda" warning and failed to provide the name of the company in which she was calling from. See Exhibits A, B and C.

44. Defendant A&S, negligently provided the instrumentality, i.e. the phone and alleged debtor list with contact numbers, that allowed for the violation of multiple State and Federal Laws.

45. Defendant Agent Jenny lacked the most basic of knowledge, as it pertains to the FDCPA, to comply with the dictates of Federal Law.

46. As a direct result of the negligent actions of Defendant A&S, Plaintiff has been damaged.

## JURY TRIAL DEMAND

47. Plaintiff demands a trial by jury on all issues so triable.

## RELIEF

WHEREFORE, Plaintiff, William Hoover, requests that this Court enter judgment against the Defendant, and on behalf of Plaintiff for the following:

    A. That an order be entered declaring the Defendant actions, as described above, in violation of the FDCPA and New Jersey State Law;

    B. That judgment be entered against the Defendant for actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

    C. That judgment be entered against the Defendant for statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A) and (B);

    D. That the Court award costs and reasonable attorneys' fees, pursuant to 15 U.S.C. § 1692k(a)(3);

    E. That Judgment be entered against the Defendants for Negligent Hiring/Retention, Negligent Supervision and Negligent Entrustment;

F.  That the Court award actual and punitive damages for violation of New Jersey law in the form of Negligent Hiring/Retention, Negligent Supervision and Negligent Entrustment; and

G.  That the Court grant such other and further relief as may be just and proper.

Dated:  October 1, 2013

                              Respectfully Submitted,

                              /s David P. Force, Esq.
                              Attorney for Plaintiff
                              Bar ID No.: 005802009
                              Law Offices of Michael Lupolover, P.C.
                              180 Sylvan Avenue, 2nd Floor
                              Englewood Cliffs, NJ 07632
                              Phone: (201) 461-0059
                              Facsimile: (201) 608-7116
                              Email: david@lupoloverlaw.com