UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| WILLIAM HOOVER | ) | Case No.: 2:13-cv-5852 |
|  | ) |  |
| Plaintiff, | ) | **CIVIL ACTION** |
|  | ) |  |
| -against- | ) | **REQUEST FOR DEFAULT JUDGMENT** |
|  | ) |  |
| A&S COLLECTION ASSOCIATES, INC, ABC CORPORATIONS 1-10, and JOHN AND JANE DOES 1-10 | ) ) ) |  |
|  | ) |  |
| Defendant. | ) |  |
|  | ) |  |

**TO ALL PARTIES AND ATTORNEYS OF RECORD:**

**NOTICE IS HEREBY GIVEN** that Plaintiff, Edith Grant, requests that entry of Judgment by Default be entered against Defendant, Washington Recovery Services, LLC, pursuant to Federal Rule of Civil Procedure 55(b)(1). In support of this request Plaintiff relies upon the record in this case and the affidavits submitted herein.

Dated: March 31, 2014                    Respectfully Submitted,

                                         s/ David P. Force
                                         Attorney for Plaintiff
                                         David P. Force
                                         New Jersey Bar No.: 5802009
                                         Law Offices of Michael Lupolover, P.C.
                                         180 Sylvan Avenue, 2nd Floor
                                         Englewood Cliffs, NJ 07632
                                         Phone: (201) 461-0059
                                         Facsimile: (201) 608-7116
                                         Email: David@lupoloverlaw.com

1

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| WILLIAM HOOVER<br><br>               Plaintiff,<br><br>-against-<br><br>A&S COLLECTION ASSOCIATES, INC,<br>ABC CORPORATIONS 1-10, and JOHN<br>AND JANE DOES 1-10<br><br>               Defendant. | Case No.: 2:13-cv-5852<br><br>**CIVIL ACTION**<br><br>**REQUEST FOR DEFAULT JUDGMENT** |

## DEFAULT JUDGMENT

Defendant, A&S COLLECTION ASSOCIATES, INC, having failed to plead or otherwise defend in this action, and default having heretofore been entered; upon application of Plaintiff and upon affidavit that Defendant is indebted to Plaintiff in the principal sum of $6,885.00 plus interest thereon; that Defendant had been defaulted for failure to appear pursuant to Rule 55(a) and (b) of the Federal Rules of Civil Procedure.

## FACTUAL HISTORY

1. In May and June of 2013, a representative of Defendant, who identified herself as "Jenny," placed a total of three phone calls in connection with the collection of an alleged debt owed by Plaintiff.

2. All three calls failed to advise that the call was from a debt collector.

3. All three calls failed to disclose the name of the company the representative was calling from.

## PROCEDURAL HISTORY

4.     The initiating documents were filed with this Court on October 1, 2013. See Docket Entry No. 1.

5.     The Court issued a Summons on October 2, 2013. See Docket Entry No. 2.

6.     The Court issued Summons and a copy of the Court filed Complaint were served upon Defendant A&S Collection Services, Inc. on October 15, 2014. See Affidavit of Service, Docket Entry No. 3.

7.     Plaintiff, with Defendant A&S Collection Services, Inc., having failed to answer or otherwise defend within the allotted Statutory time period, moved this Court requesting Default be entered on November 13, 2013. See Docket Entry No. 4.

8.     This Court granted Plaintiff's request for the entry of Default on November 18, 2014. Attached hereto marked Exhibit "A," is a true and correct copy of same.

9.     On March 19, 2014, this Court issued a notice of dismissal, returnable April 4, 2014, as the case had been pending more than (120) days. See Docket Entry No. 5.

## LEGAL CLAIMS

10.    Plaintiff has made claims stated in the Complaint under the Fair Debt Collections Practices Act (FDCPA), 15 U.S.C. § 1692 *et seq.*

11.    Plaintiff has made a claim for (3) separate and distinct violations of 15 U.S.C. 1692d (6), in that Defendant failed to advise of the name of the company while also failing to advise the Plaintiff that the call was from a debt collector during messages left on Plaintiff's voice-mail on (3) separate occasions.

## PLAINTIFF'S DAMAGES

Plaintiff is entitled to attorney fees, costs for filing suit, and statutory damages. Plaintiff's attorney spent approximately eighteen (18) hours of time on this matter and bills at a rate of $325.00 per hour for attorneys and $175.00 per hour for paralegals and a total of $5,457.71, inclusive of filing fees and costs of service. (See Affidavit of Time). The Plaintiff is entitled to $1,000.00 in statutory damages pursuant to 15 U.S.C. §1692k. The Plaintiffs damages are for a total of $6,457.71.

It is ORDERED and ADJUDGED, that:

1. Plaintiffs Motion for Default Final Judgment (Docket Entry Number 14) is GRANTED.

2. Plaintiff, Edith Grant, recover of the Defendant, Washington Recovery Services, the sum of $$6,457.71, plus costs and interest according to law from the date of this judgment until the entire amount is paid for which let execution issue forthwith.

3. The Clerk is directed to close this case and terminate any pending motions as moot.

Dated:

                                                    Susan D. Wigenton
                                                  United States District Judge

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| WILLIAM HOOVER )<br>)<br>Plaintiff, )<br>)<br>-against- )<br>)<br>A&S COLLECTION ASSOCIATES, INC, )<br>ABC CORPORATIONS 1-10, and JOHN )<br>AND JANE DOES 1-10 )<br>)<br>Defendant. )<br>) | Case No.: 2:13-cv-5852<br><br>**CIVIL ACTION**<br><br>DECLARATION OF<br>DAVID P. FORCE, ESQ.<br>IN SUPPORT OF REQUEST<br>TO ENTER DEFAULT JUDGEMENT |

DAVID P. FORCE, ESQ. hereby certifies as follows:

1. I am an attorney at law in the State of New Jersey and an associate in Law Offices of Michael Lupolover, P.C., attorneys for Plaintiff, William, in the above-captioned litigation. As such, I am familiar with all of the facts set forth below.

2. I submit this Declaration in support of Plaintiffs request for the Entry of Default Judgment against Defendant A&S Collection Services, Inc. pursuant to Rule 55(b)(1) of the Federal Rules of Civil Procedure.

3. The initiating documents were filed with this Court on October 1, 2013. See Docket Entry No. 1.

4. The Court issued a Summons on October 2, 2013. See Docket Entry No. 2.

5. The Court issued Summons and a copy of the Court filed Complaint were served upon Defendant A&S Collection Services, Inc. on October 15, 2014. See Affidavit of Service, Docket Entry No. 3.

5

6. Plaintiff, with Defendant A&S Collection Services, Inc., having failed to answer or otherwise defend within the allotted Statutory time period, moved this Court requesting Default be entered on November 13, 2013. See Docket Entry No. 4.

7. This Court granted Plaintiff's request for the entry of Default on November 18, 2014.

8. On March 19, 2014, this Court issued a notice of dismissal, returnable April 4, 2014, as the case had been pending more than (120) days. See Docket Entry No. 5.

9. Default has been declared via Court order and Plaintiff, with Defendant still not having moved or otherwise defended the matter, requests this court

## FACTUAL HISTORY

10. In May and June of 2013, a representative of Defendant, who identified herself as "Jenny," placed a total of three phone calls in connection with the collection of an alleged debt owed by Plaintiff.

11. All three calls failed to advise that the call was from a debt collector.

12. All three calls failed to disclose the name of the company the representative was calling from.

## LEGAL CLAIMS

13. Plaintiff has made claims stated in the Complaint under the Fair Debt Collections Practices Act (FDCPA), 15 U.S.C. § 1692 *et seq.*

14. Plaintiff has made a claim for (3) separate and distinct violations of 15 U.S.C. 1692d (6), in that Defendant failed to advise of the name of the company while also failing to advise the Plaintiff that the call was from a debt collector during messages left on Plaintiff's voice-mail.

## **DECLARATION**

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing statements are true.

Dated: March 31, 2014                                              Respectfully Submitted,


                                                         s/ David P. Force
                                                         Attorney for Plaintiff
                                                         David P. Force
                                                         New Jersey Bar No.:
                                                         Law Offices of Michael Lupolover, P.C.
                                                         180 Sylvan Avenue, 2nd Floor
                                                         Englewood Cliffs, NJ 07632
                                                         Phone: (201) 461-0059
                                                         Facsimile: (201) 608-7116
                                                         Email: mlupolover@lupoloverlaw.com

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| WILLIAM HOOVER Plaintiff, -against- A&S COLLECTION ASSOCIATES, INC, ABC CORPORATIONS 1-10, and JOHN AND JANE DOES 1-10 Defendant. | Case No.: 2:13-cv-5852 <u>CIVIL ACTION</u> DECLARATION OF INDIA R. JOHNSON IN SUPPORT OF REQUEST TO ENTER DEFAULT JUDGEMENT |

1. I so hereby certify that I have listened to all (3) recordings referenced in Plaintiff's Motion for Default Judgment and the following is a true and accurate transcription of same:

    a. Message Dated April 9, 2013 from representative "Jenny."

        i. "Hey Mr. Hoover, yea its Jenny calling, give me one back my number 800-660-6642 and my direct extension is 129."

    b. Message Dated April 19, 2013 from representative "Jenny."

        i. "Hey William Hoover, good morning its Jenny calling. Give me a call back my number is toll free at 800-660-6642 and my direct extension is 129."

    c. Message Dates April 22, 2013 from representative "Jenny."

        i. "And Good Afternoon this is Jenny. I am trying to get in touch with William Hoover if you can please have him call me I will greatly appreciate it my number is 800-660-6642 and my ext 129."

## DECLARATION

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing statements are true.

Dated: March 31, 2014                              Respectfully Submitted,

India R. Johnson
Paralegal
Law Offices of Michael Lupolover, P.C.
180 Sylvan Avenue, 2nd Floor
Englewood Cliffs, NJ 07632
Phone: (201) 461-0059
Facsimile: (201) 608-7116
Email: India@lupoloverlaw.com

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| WILLIAM HOOVER | ) | Case No.: 2:13-cv-5852 |
| --- | --- | --- |
| Plaintiff, | ) | CIVIL ACTION |
| -against- | ) | APPLICATION OF AWARD FOR ATTORNEY'S FEES |
| A&S COLLECTION ASSOCIATES, INC, ABC CORPORATIONS 1-10, and JOHN AND JANE DOES 1-10 | ) | |
| Defendant. | ) | |

## I. ISSUES AND LEGAL ARGUMENT

### A. PLAINTIFF'S FDCPA SUIT WAS SUCCESSFUL, AND THEREFORE PLAINTIFF, AS THE PREVAILING PARTY, IS ENTITLED TO AN AWARD OF ATTORNEY'S FEES AND COSTS UNDER THE FDCPA.

The FDCPA expressly authorizes the recovery of attorney fees and costs to a successful consumer Plaintiff:

> . . .any debt collector who fails to comply with any provision of this subchapter ... is liable to such person in an amount equal to the sum of- [actual damages] [statutory damages] and
>
> (3) in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the Court.

15 U.S.C. §1692k(a)(3). The purpose of this fee shifting provision is to attract competent counsel. Zagorski v. Midwest Billing Services, Inc., 128 F.3d 1164, 1167 (7th Cir. 1997). In litigation under the FDCPA, an award of attorney fees is mandatory, not discretionary Graziano v. Harrison, 950 F.2d 107, 113 (3rd Cir. 1991). Piples v. Credit Bureau of Lockport, Inc., 886 F.2d 22, 28 (2d Cir. 1989) ("Because the FDCPA was violated, however, the statute requires the award of costs and reasonable attorney's fee..."); Mace v. Van Ru Credit, 109 F.3d 338, 344 N.3 (7th Cir. 1997).

Congress clearly intended that the prevailing consumer would recover his or her reasonable attorney's fees and costs.

> Given the structure of the section, attorney's fees should not be construed as a special or discretionary remedy; rather, the Act **mandates** an award of attorney's fees as a means of fulfilling Congress's intent that the Act should be enforced by debtors acting as private attorneys general.

Graziano, 950 F.2d 107, 113 (3d Cir. 1991) (emphasis added). See, also DeJesus v. Banco Popular de Puerto Rico, 918 F.2d 232, 235 (1st Cir. 1990) (awarding attorney fees under the Truth in Lending Act).

In the instant case, Plaintiff is entitled to an award of attorney's fees and costs, since Plaintiff is the prevailing party. Plaintiffs Complaint alleges violations of the FDCPA that included 15 U.S.C. §§ 1692e(1), 1692e(2), 1692e(5), 1692e(10), 1692e(11), and 1692d(6). Defendant failed to respond or take part in this case. Plaintiff is entitled to reasonable attorney's fees and costs.

## B. ATTORNEYS' FEE AWARDS SHALL BE CALCULATED ACCORDING TO THE LODESTAR FORMULA.

In calculating an award of attorney's fees, the Court must first begin with the "lodestar" figure, which is calculated by multiplying the hours reasonably expended times an allowed hourly rate. See Hensley v. Eckerhmi, 103 S.Ct. 1933, 1939 (1983) (viewing an award of fees under 42 U.S.C. §1988). The burden is on the applicant to prove that the fee request is reasonable, with a strong presumption that the lodestar amount represents a fair and appropriate fee award. Hensley, 103 S.Ct. at 1941.

Although Hensley was decided in the context of a civil rights case, the lodestar analysis is applicable to all cases involving an attorney fee shifting statute. The Supreme Court has previously noted that, "We have stated in the past that fee shifting statutes' similar language is 'a strong indication' that they are to be interpreted alike." Independent Federation of Flight

Attendants v. Zipes, 491 U.S. 754, 109 S.Ct. 2732, 105 L.Ed.2d 639 (1989) (quoting Northcross v. Memphis Bd. Of Education, 412 U.S. 427, 428, 93 S.Ct. 2201, 2202, 37 L.Ed.2d 48 (1973).) See also City of Burlington v. Dague, 112 S.Ct. 2638, 2641 (1992) (clean water act case applying lodestar analysis); Simpson v. Sheahan, 104 F.3d 998, (7th Cir. 1997) (civil rights case); Dejesus v. Banco Popular de Puerto Rico, 918 F.2d 232, 234 (1st Cir. 1990) (truth in lending case); Piekarski v. Home Owners Savings Bank, F.S.B., 755 F. Supp. 859, 863 (D. Minn 1991) (retaliatory discharge case).

The determination of the allowable hours rests with the sound discretion of the trial court. Hensley, 103 S.Ct. at 1941. A determination of the hourly rate by the trial court should consider A rate "commensurate which [counsel] could obtain by taking other types of cases." Tolentino, 46 F.3d 645, 652 - 653 (7th Cir. 1995).

## C. "PROPORTIONALITY" IS SIMPLY NOT A PART OF THE COURT'S ANALYSIS IN DETERMINING REASONABLE FEES.

Plaintiffs recovery of $1,000.00 should not be considered in determining what is a "reasonable" attorney fee award. However, the amount of attorney's fees awarded pursuant to statute is not required to be proportionate to the amount of damages recovered. To the contrary, a trial court may abuse its discretion if it applies an impermissible "proportionality" standard to the fee award.

The U.S. Supreme Court has previously considered the question of proportionality in attorney fee awards and held:

> We reject the proposition that fee awards under section [42 U.S.C.] 1988 should necessarily be proportionate to the amount of damages a civil rights plaintiff actually recovers.

City of Riverside v. Rivera, 477 U.S. 561, 574, 106 S.Ct. 2686, 2694, 91 L.Ed.2d 466 (1986).

The Court went on to state:

> A rule of proportionality would make it difficult, if not impossible, for individuals with meritorious civil rights claims but relatively small potential damages to obtain redress from the courts. This is totally inconsistent with Congress' purpose in enacting section 1988.

Id., 477 U.S. at 578, 106 S.Ct. at 2696.

In the context of the Fair Credit Reporting Act, ("FCRA"), the Fourth Circuit stated:

> Proportionality of attorneys' fees to the amount recovered is not required in every action brought pursuant to the FCRA. Since there will rarely be extensive damages in an FCRA action, requiring that attorney's fees be proportionate to the amount recovered would discourage vigorous enforcement of the Act.

Yoyay v. City of Alexandria Employees Credit Union, Inc. 827 F.2d 967, 974 (4th Cir. 1987).

Under the FDCPA, the Seventh Circuit has noted that the "cumulative effect of petty violations ..... may not be petty" and thus a case involving a small amount of damages is no justification to deny attorney fees. Zagorski, 128 F.3d at 1167 (ih Cir. 1997) (quoting) Hyde v. Small, 123 F.3d 583, 585 (7th Cir. 1997).

An exception to the bar against proportionality arises on the recovery of nominal damages. See, e.g. Farrar v. I-Iobby, 506 U.S. 103 113 S.Ct. 566, 575 121 L.Ed.2d 494 (1992) (Plaintiff demanding $17 million dollars but recovering nominal damage of $1.00 is entitled to no attorneys fees under civil rights statute); Carroll v. Wolpoff & Abramson, 53 F.3d 626, 630 (4th Cir. 1995) (FDCPA Plaintiff seeking $1,000.00 statutory damages but recovering $50.00 in statutory damages, had attorney fee request for $10,000.00 reduced to $500.00); but see Zagorski v. Midwest Billing Services, Inc., 128 F.3d 1164 (7th Cir. 1997) (trial court's denial of attorney fees, after Plaintiffs recovery of $100.00 statutory damages, constituted an abuse of discretion).

Nevertheless, an inadequate or nominal recovery is simply not an issue in the case at hand. In fact, by recovering the maximum $1,000.00 in statutory damages, Plaintiff has gone beyond a recovery of "nominal" damages and instead has fully vindicated Plaintiffs rights under the FDCPA, and is thereby entitled to a full attorney fee award.

Comis have encountered many examples of fee awards disproportionate to damage awards. See City of Riverside v. Rivera, 477 U.S. 561, 106 S. Ct. 2686, 91 L.Ed.2d 466 (1986) ($245,456.25 in attorney fees, $33,350.00 in damages); Building Service Local 47, 46 F.3d 1392 (6th Cir. 1995) (ERISA case, $70,185.95 in attorney fees, $25,598.71 in damages); Northwest Women's Center v. McMonagh, 889 F.2d 466 (3rd Cir. 1989) (RICO case, over $60,000.00 in attorney fees, $2,661.00 damages); Duval v. Midwest Auto City, Inc., 578 F.2d 721, 726 (8th Cir. 1978) (Federal Odometer case, over $14,000 attorney fees, $3,000 in damages); Perez v. Perkiss, 742 F. Supp. 883 (D.Del. 1990) (FDCPA case, $10,110 in attorney fees, $1,200 damages). Recently, the court for the Eastern District of Virginia found that an attorney fees and cost award of $17,766.49 was reasonable in an FDCPA case where the Plaintiff's statutory recovery was $1,000.00. Jones v. Vest (2000 U.S. Dist. LEXIS 19026)

### D. A VIGOROUS DEFENSE LEADS TO HIGHER ATTORNEY' FEES AND COSTS FOR PLAINTIFF.

The harder a defendant fights in a consumer action, the larger the fees ultimately become. The fifth circuit, in McGowan v. King, Inc., 661 F.2d 48, 51 (5th Cir. 1981), laid bare the ugly practicalities of consumer litigation when it held:

> The borrower's counsel did not inflate this small [Truth-In-Lending] case into a large one; its protraction resulted from the stalwart defense. And although defendants are not required to yield an inch or to pay a dime not due, they may by militant resistance increase the exertions required of their opponents and thus, if unsuccessful, be required to bear that cost.

See also, Diettrich v. Norwest Airlines, Inc., 967 F.Supp. 1132 (E.D. Wis. 1997). Given the efforts of the Defendant, a higher fee application and award is natural. After Plaintiff sent a demand letter, Defendant rejected the opportunity to settle this matter early on and it became necessary for Plaintiff to file suit to vindicate her rights under the FDCPA.

As a natural and foreseeable consequence, Plaintiff has reasonably incurred these

attorney fees and costsin order to vindicate his rights under the FDCPA.

## II. CONCLUSION

In the present case, Plaintiff requests a total award of $5,457.51 for attorney's fees and costs (See Affidavit of Time and Expense). This request is reasonable and should be allowed. Based upon the lodestar calculation, attorneys' fees should be awarded to Plaintiffs counsel in the amount of$5,457.51

That for the above aforementioned reasons Plaintiff respectfully requests that this Court GRANT Plaintiffs Motion for Default Judgment and award attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3)

Dated: March 31, 2014                    Respectfully Submitted,


s/ David P. Force
Attorney for Plaintiff
David P. Force
New Jersey Bar No.: 5802009
Law Offices of Michael Lupolover, P.C.
180 Sylvan Avenue, 2nd Floor
Englewood Cliffs, NJ 07632
Phone: (201) 461-0059
Facsimile: (201) 608-7116
Email: David@lupoloverlaw.com

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| WILLIAM HOOVER ) | Case No.: 2:13-cv-5852 |
| ) | |
| Plaintiff, ) | **CIVIL ACTION** |
| ) | |
| -against- ) | **AFFIDAVIT OF TIME** |
| ) | **AND EXPENSE** |
| A&S COLLECTION ASSOCIATES, INC, ) | |
| ABC CORPORATIONS 1-10, and JOHN ) | |
| AND JANE DOES 1-10 ) | |
| ) | |
| Defendant. ) | |
| ) | |

DAVID P. FORCE, ESQ., hereby certifies as follows:

1. The attorney's fees and time spent by The Law Offices of Michael Lupolover, P.C., with regard to the above captioned case amount to a total of $5,457.51, and was calculated as follows:

| Employee | Date | Service Rendered | Hourly Rate | Time | Fee |
|---|---|---|---|---|---|
| Paralegal | 5.10.13 | Client Consultation – Transmittal and Review of Evidence – Client Retention | $175.00 | 1.5 | $262.50 |
| Attorney | 5.11.13 | Review of File Evidence | $325.00 | 1 | $325.00 |
| Paralegal | 6.20.13 | Drafted Demand Letter | $175.00 | 1.5 | $262.50 |
| Attorney | 6.20.13 | Review of Demand Letter | $325.00 | .3 | $97.50 |
| Paralegal | 6.20.13 | Sent Demand Letter via Certified Mail | $175.00 | .2 | $35.00 |
| Attorney | 8.13.13 | Status Review | $325.00 | .2 | $65.00 |
| Attorney | 8.13.13 | Call to Defendant (Left Message) | $325.00 | .1 | $32.50 |
| Attorney | 8.16.13 | Call to Defendant (Left Message) | $325.00 | .1 | $32.50 |
| Attorney | 8.22.13 | Call to Defendant (Spoke w/ Manager - Acquired E-Mail Address) | $325.00 | .4 | $130 |

| | | | | | |
|---|---|---|---|---|---|
| Attorney | 8.22.13 | Drafted Email w/ Courtesy Copy of Demand Letter | .2 | $325.00 | $65.00 |
| Attorney | 8.22.13 | Client Conference Call | .75 | $325.00 | $243.75 |
| Attorney | 8.22.13 | Reviewed E-Mail Correspondence from Defendant | .1 | $325.00 | $32.50 |
| Attorney | 9.4.13 | Drafted and sent Correspondence to Defendant attaching Audio Evidence | .5 | $325.00 | $162.50 |
| Attorney | 9.5.13 | Reviewed E-Mail Correspondence from Defendant | .1 | $325.00 | $32.50 |
| Attorney | 9.5.13 | Drafted Position Letter to Defendant Outlining Law and Facts | 1 | $325.00 | $325.00 |
| Attorney | 9.5.13 | Reviewed Correspondence from Defendant | .1 | $325.00 | $32.50 |
| Attorney | 9.5.13 | Drafted Correspondence to Defendant | .1 | $325.00 | $32.50 |
| Attorney | 9.6.13 | Client Conference Call | .5 | $325.00 | $162.50 |
| Attorney | 9.9.13 | Drafted Complaint & Civil Cover Sheet | 2 | $325.00 | $750.00 |
| Attorney | 9.9.13 | Sent Courtesy Copy of Initiating Documents to Defendant & Advised of Immanency of Filing | .1 | $325.00 | $32.50 |
| Attorney | 10.1.13 | Filed Complaint & Civil Cover Sheet via ECF | .75 | $325.00 | $65.00 |
| Attorney | 10.1.13 | Filing Fees | n/a | n/a | $400.00 |
| Attorney | 10.2.13 | Review Court Issued Summons | .1 | $325.00 | $32.50 |
| Paralegal | 10.2.13 | Locate Process Server in Vermont | .5 | $175.00 | $87.50 |
| Paralegal | 10.2.13 | Complete Authorization & Service Forms and Send Initiating Documents to Process Server | .5 | $175.00 | $87.50 |
| Attorney | 10.2.13 | Service of Process Fees | n/a/ | n/a | $128.90 |
| Attorney | 10.15.13 | Review & Filing of Affidavit of Service via ECF | .3 | $325.00 | $97.50 |
| Attorney | 10.15.13 | Client Conference Call | .2 | $325.00 | $65.00 |

| Attorney | 11.12.13 | Drafted Request for Entry of Clerk Default w/ Supporting Documentation | $325.00 | 1.75 | $568.75 |
|---|---|---|---|---|---|
| Attorney | 11.13.13 | Via Request for Entry of Clerk Default via ECF | $325.00 | .2 | $65.00 |
| Paralegal | 11.13.14 | Served Notice of Request for Default on Defendant via Certified Mail | $175.00 | .2 | $35.00 |
| Paralegal | 11.13.13 | Service of Motion via Certified Mail | n/a | n/a | $6.11 |
| Attorney | 3.22.14 | Reviewed Court Issued Notice of Dismissal | $325.00 | .1 | $32.50 |
| Attorney | 3.31.14 | Drafted Request for Entry of Default Judgment w/ Supporting Documents | $325.00 | 1.5 | $487.50 |
| Paralegal | 3.31.14 | Drafted Certification in Support of Request for Entry of Default Judgment | $175.00 | .5 | $87.50 |
| Attorney | 3.31.14 | Filed Request for Entry of Default Judgment via ECF | $325.00 | .3 | $97.50 |
| TOTAL: | | | | | $5457.51 |

2. That the total amount requested for Reasonable Attorney's Fees and Costs as a result of Defendant's Default is $5,457.57 and any additional amount determined by this Court.

*Rest of this Page Left Intentionally Blank*

*Signature Page to Follow*

Dated: March 31, 2014                    Respectfully Submitted,


                                                          <u>s/ David P. Force</u>  
                                                         Attorney for Plaintiff  
                                                         David P. Force  
                                                         New Jersey Bar No.: 5802009  
                                                         Law Offices of Michael Lupolover, P.C.  
                                                         180 Sylvan Avenue, 2nd Floor  
                                                         Englewood Cliffs, NJ 07632  
                                                         Phone: (201) 461-0059  
                                                         Facsimile: (201) 608-7116  
                                                         Email: David@lupoloverlaw.com

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| WILLIAM HOOVER ) | Case No.: 2:13-cv-5852 |
| ) | |
| Plaintiff, ) | **CIVIL ACTION** |
| ) | |
| -against- ) | **AFFIDAVIT OF SERVICE** |
| ) | |
| A&S COLLECTION ASSOCIATES, INC, ) ABC CORPORATIONS 1-10, and JOHN ) AND JANE DOES 1-10 ) | |
| ) | |
| Defendant. ) | |
| ) | |

I, David P. Force, Esq., do hereby certify that the Plaintiff's Request for Entry of Default Judgment has been served on the Defendant, A&S Collection Associates, Inc., via Electronic, Certified and Regular Mail.

Dated: March 31, 2014        Respectfully Submitted,

s/ David P. Force
Attorney for Plaintiff
David P. Force
New Jersey Bar No.: 5802009
Law Offices of Michael Lupolover, P.C.
180 Sylvan Avenue, 2nd Floor
Englewood Cliffs, NJ 07632
Phone: (201) 461-0059
Facsimile: (201) 608-7116
Email: David@lupoloverlaw.com