<u>NOT FOR PUBLICATION</u>

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

_____

|  |  |
|---|---|
| WILLIAM HOOVER, )<br>          Plaintiff, )<br>)<br>          v. )<br>)<br>A&S COLLECTION ASSOCIATES, INC. )<br>ABC CORPORATIONS 1-10, and JOHN )<br>AND JANE DOES 1-10 )<br>          Defendants. ) | Civil Action No. 2:13-cv-05852<br><br>**OPINION**<br><br>June 16, 2014 |

_____

**WIGENTON**, District Judge.

Before this Court is Plaintiff William Hoover's ("Plaintiff") unopposed motion for default judgment with an application for attorney's fees and costs ("Motion"). Plaintiff's Motion is made pursuant to Federal Rule of Civil Procedure 55 and the Fair Debt Collection Practices Act ("FDCPA"), codified at 15 U.S.C. § 1692, *et seq.*

This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d). Venue is proper pursuant to 28 U.S.C. § 1391(b). This matter is decided without oral argument pursuant to Federal Rule of Civil Procedure 78.

For the reasons set forth below, Plaintiff's Motion will be **GRANTED**.

## I.    BACKGROUND AND PROCEDURAL HISTORY

Plaintiff alleges that Defendants A&S Collection Associates, Inc., et al ("Defendants") violated the FDCPA when they contacted Plaintiff with regard to an unpaid debt. (Dkt. No. 1, Compl. ¶ 1.) Defendants allegedly retained and supervised an employee named "Jenny." (*Id.* at ¶¶ 1, 28-32, 38, 45.) On or about April 19th, April 23rd, and May 9th of 2013, Jenny called Plaintiff, leaving three voicemails regarding the unpaid debt. (*Id.* at ¶¶ 13-18.) All of the calls

"fail[ed] to advise . . . that the calls were from a debt collector[ and] . . . failed to disclose the name of the company the representative was calling from." (Dkt. No. 1, Compl. ¶¶ 2, 3.) Plaintiff claims that Defendants' omissions violate the FDCPA's requirements for debt collectors to disclose their identity when communicating with consumers with regard to a debt, as set forth in 15 U.S.C. § 1692e(11).[1] (*Id.* at ¶¶ 17, 23.)

Plaintiff filed a complaint on October 1, 2013 ("Complaint"). (*Id.* at 7.) On October 15, 2013, Plaintiff filed an affidavit indicating that Defendant A&S Collection Associates was properly served. (Dkt. No. 3.) On November 13, 2013, Plaintiff's counsel filed a certification in support of a request for an entry of default against Defendant A&S Collection Associates pursuant to Federal Rule of Civil Procedure 55. (Dkt. No. 5. at 1.) Defendant has not filed an answer or response in this matter.

On November 18, 2013, the Clerk entered default as to A&S Collection Associates, Inc. (Dkt. No. 5.)

On April 1, 2014, Plaintiff filed the instant Motion for default judgment and an award of attorney's fees as well as costs pursuant to Federal Rule of Civil Procedure 55 and 15 U.S.C. § 1692. (Dkt. No. 6.) Plaintiff requests a total award of $6,457.51 [2] based upon an alleged entitlement to "attorney fees, costs for filing suit, and statutory damages." (*Id.* at 4.) The requested monetary relief specifically includes "$1,000.00 in statutory damages" plus $5,457.51,

---

[1] While Plaintiff cites 15 U.S.C. § 1692e(11) in his Complaint as the FDCPA provision that the Defendants violated, Plaintiff does not mention this provision in his motion for default judgment, but instead cites 15 U.S.C. § 1692d(6) in that motion. (*See* Dkt. No. 6 at 3.)

[2] Plaintiff requests a higher amount of principal debt ($6,885.00) in his brief, but only provides a breakdown for $6,547.51 and a proposed order for $6,547.71 (*See* Pl.'s Mot. for Default Judgment, Dkt. No. 6 at 2, 4.)

covering filing fees, costs of service, and attorney's fees for "approximately eighteen (18) hours of time on this matter."[3] (*Id.* at 1, 4.)

## II.    DISCUSSION

### *Default Judgment*

Federal Rule of Civil Procedure 55 provides "a two-part process for obtaining a default and then a default judgment." *Sourcecorp Inc. v. Croney*, 412 F. App'x 455, 458 (3d Cir. 2011). The first step requires "the clerk . . . to enter the party's default" once a defendant "fail[s] to plead or otherwise defend" against allegations in the complaint, "and that failure is shown by affidavit or otherwise." Fed. R. Civ. P. 55(a). The second step requires "the party . . . [to] apply to the court for a default judgment." Fed. R. Civ. P. 55(b). The district court has the discretion to grant or deny a party's motion for a default judgment. *See Hritz v. Woma Corp.*, 732 F.2d 1178, 1180 (3d Cir. 1984).

When the court considers a party's application for a default judgment, "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990) (citations omitted). However, "[t]he [c]ourt need not accept the moving party's legal conclusions, because '[e]ven after default . . . it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law.'" *Warren v. Specified Credit Ass'n Inc.*, No. 11-1635, 2012 WL 1067728 at *1 (D.N.J. Mar. 28, 2012) (citing *10A* Charles A. Wright, Arthur R. Miller, & Mary Kay Kane, *Federal Practice and Procedure § 2688* at 63.). Furthermore, "[b]efore granting a default judgment, the Court is obliged to consider three factors: (1) whether plaintiff will be prejudiced if default is not granted,

---

[3] Plaintiff's counsel billed at an hourly rate of $325.00 and a paralegal's hourly rate was $175.00. (*See* Aff. of Time and Expense, Dkt. No. 6 at 16-18.) The total hours spent appear to be just under 18 hours.

(2) whether defendant has a meritorious defense, and (3) whether defendant's delay was the result of culpable misconduct." *Days Inns Worldwide, Inc. v. Mayu & Roshan, LLC*, No. 06-CV-1581, 2007 WL 1674485 at *3 (D.N.J. June 8, 2007) (citations and internal quotation marks omitted).

Applying the foregoing principles to the instant matter, default judgment is appropriate. First, without another means of vindicating its claims against the Defendants, Plaintiff would be prejudiced if the default judgment is not granted. *See Days Inns Worldwide, Inc.,* 2007 WL 1674485 at *3. Next, default judgment is also appropriate because "plaintiff has provided well pleaded facts sufficient to establish a claim." *Id.* at *4 (citing *Directv v. DeCroce,* 332 F.Supp.2d 715 (D.N.J. 2004), *rev'd on other grounds*, 431 F.3d 162 (3d Cir. 2005). Specifically, sufficient grounds exist to grant relief under the FDCPA's 15 U.S.C. §§ 1692d(6) (which prohibits a debt collector's "placement of telephone calls without meaningful disclosure of the caller's identity") and 1692e(11) (which similarly prohibits: (1) "[t]he failure to disclose in the initial . . . [oral] communication with the consumer . . . that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and [(2)] the failure to disclose in subsequent communications that the communication is from a debt collector.")

***Statutory Damages***

Considering Plaintiff's factual allegations as true at this stage, Plaintiff has set forth a claim that Defendant violated the two sections of the FDCPA discussed above. These violations occurred "[i]n May and June of 2013[] [when] a representative of Defendant, who identified herself as 'Jenny,' placed a total of three phone calls in connection with the collection of an alleged debt owed by Plaintiff," during which the caller "failed to advise that the call was from a debt collector" and "failed to disclose the name of the company the representative was calling

4

from." (Comp. ¶¶ 6-9). As evidence of those violations, Plaintiff submitted transcripts for the three messages. (Decl. of India R. Johnson, Dkt. No. 6 at 8-9.) These messages violated the disclosure requirements of 15 U.S.C. §§ 1692d(6) and 1692e(11). Plaintiff's claim was also properly brought within the one year statute of limitations set by 15 U.S.C. § 1692k(d). Furthermore, this Court finds that the violations are not a "result of a bona fide error" (as indicated by the number of violations that occurred within a short period of time). 15 U.S.C. § 1692d(6) (which excuses FDCPA violations that are unintentional or bona fide errors if such an excuse can be proven to have occurred by a preponderance of the evidence).

Here, 15 U.S.C. § 1692k(a)(2)(A) permits a court to award a maximum award of $1,000 for violations of the FDCPA. This Court has discretion to set the amount of damages for FDCPA violations as indicated by the statute: "the court may allow" damages that do not "exceed[] $1,000." 15 U.S.C. § 1692k(a)(2)(A).

Pursuant to the FDCPA, this Court should consider the following factors when determining the amount of the award: "the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance . . . the extent to which such noncompliance was intentional," and "other relevant factors." 15 U.S.C. § 1692k(b).

Here, as the three violations of the FDCPA occurred over a short period of time and the representatives for the Defendants did not properly identify themselves within the meaning of the statute, this Court will award $1,000 to Plaintiff. *See Wong v. Am. Credit & Collections, LLC*, No. 3:11-CV-04428, 2012 WL 5986474 at *4 (D.N.J. Nov. 28, 2012); 15 U.S.C. § 1692k(a)(2)(A).

***Attorney's Fees and Costs***

In addition to the $1,000 in statutory damages, this Court will grant Plaintiff's application for attorney's fees and costs. Such an award is available pursuant to 15 U.S.C. § 1692k(a)(3), which allows a prevailing plaintiff in a "successful action" to recover "the costs of the action, together with a reasonable attorney's fee as determined by the court." A favorable default judgment qualifies as a successful action under the FDCPA where an award of attorney's fees and costs are appropriate. *See generally Manopla v. Bryant, Hodge & Associates, LLC*, No. 13-338, 2014 WL 793555 (D.N.J. Feb. 26, 2014); *Wong*, 2012 WL 5986474; *Warren*, No. 11-1635, 2012 WL 1067728; *Ford v. Consigned Debts & Collections, Inc.*, No. 09-3102, 2010 WL 5392643 (D.N.J. Dec. 21, 2010).[4]

The court has discretion to "determine what constitutes a reasonable fee in accordance with the substantial Supreme Court precedent pertaining to the calculation of reasonable attorney's fees." *Graziano v. Harrison*, 950 F.2d 107, 114 (3d Cir. 1991). When using the court's "wide discretion" to determine whether fees are reasonable, the court's inquiry "should not result in a second major litigation." *Fox v. Vice*, 131 S. Ct. 2205, 2210 (2011) (quoting *Hensley v. Eckerhart,* 461 U.S. 424, 437 (1983). The court's determination does "rough justice, not . . . auditing perfection." *Fox*, 131 S. Ct. at 2210. "So trial courts may take into account their overall sense of a suit, and may use estimates in calculating and allocating an attorney's time." *Id.* However, "it *is* necessary that the Court 'go line, by line, by line' through the billing records supporting the fee request." *Evans v. Port Auth. of New York & New Jersey*, 273 F.3d 346, 362 (3d Cir. 2001) (emphasis in original and citations omitted).

---

[4] *See also Edwards-DiPasquale v. Wilfran Agric. Indus., Inc.*, No. 00-3818, 2001 WL 1632122 at *6 (E.D. Pa. Dec. 17, 2001) (interpreting *Buckhannon Bd. and Care Home, Inc. v. West Virginia Dept. of Health and Human Res.,* 531 U.S. 1004 (2001) as permitting a default judgment to qualify as a successful action, thereby allowing attorney's fees and costs to be awarded to a prevailing plaintiff.)

When determining the amount in attorney's fees and costs that should be awarded to a prevailing party, "a court must determine the appropriate billing rate for the party's attorneys as well as the number of hours those attorneys reasonably expended on the action. . . . [t]he product of an attorney's hourly rate and the number of hours spent is referred to as the 'lodestar.'" *Interfaith Cmty. Org. v. Honeywell Int'l, Inc.*, 426 F.3d 694, 703, n. 5 (3d Cir. 2005) (citations omitted). The movant for attorney's fees and costs "bears the ultimate burden of showing that its requested hourly rates and the hours it claims are reasonable." *Id.* "The fee applicant (whether a plaintiff or a defendant) must, of course, submit appropriate documentation to meet 'the burden of establishing entitlement to an award.'"  *Fox*, 131 S. Ct. at 2216 (2011) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983).  The Court "must [then] assess the experience and skill of the prevailing party's attorney[] and compare [his or her] . . . rates to the rates prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Interfaith Cmty. Org.*, 426 F.3d at 708 (citations and internal quotations omitted).

In the instant matter, Plaintiff submitted an affidavit and itemized invoice to support his request for a fee and cost award totaling $5,457.51. (Dkt. No. 6 at 16-18.)  This invoice included court costs as well as the date, time, hourly rate, and total fee for each task carried out to further this litigation. *Id.*  The attorney charged $325 per hour and the paralegal charged $175 per hour. *Id.* The attorney spent approximately 12.5 hours on this case and the paralegal spent approximately 4.9 hours on it. Court fees and litigation costs were $535.01.  *Id.*

Having reviewed the invoice, this Court "must [now] decide whether the hours set out were reasonably expended for each of the particular purposes described and then exclude those that are excessive, redundant, or otherwise unnecessary." *Interfaith Cmty. Org.*, 426 F.3d at 711 (citations and internal quotations omitted).  This Court finds that each task listed by Plaintiff's

7

counsel satisfies this standard. *Id.* This Court also notes that Plaintiff's counsel charged an hourly rate and devoted time to this litigation that is comparable to recent FDCPA suits from this District that resulted in default judgments. *See generally Manopla*, 2014 WL 793555 at *10; *Wong*, 2012 WL 5986474 at *5; *Warren*, 2012 WL 1067728 at *5; *Ford*, 2010 WL 5392643 at *8.

## III.    CONCLUSION

For the reasons set forth above, Plaintiff's Motion is **GRANTED**. Default judgment will be entered against Defendants in the sum of $6,457.51 (which includes $1,000 in statutory fees, and $5,457.51 for attorney's fees and litigation costs).

<u>s/Susan D. Wigenton, U.S.D.J.</u>

cc: Judge Madeline Cox Arleo, U.S.M.J.
    Parties
    Clerk